**CHOEPHEL, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3721–ag.

United States Court of Appeals, Second Circuit.

July 10, 2007.

679

Tao Lin, Caesar & Napoli, Attorneys at law, New York, New York, for Petitioner.

George E.B. Holding, United States Attorney for the Eastern District of North Carolina, Jennifer May–Parker, Thomas B. Murphy, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Choephel, a citizen of Tibet, seeks review of a July 26, 2006 order of the BIA affirming the April 12, 2005 decision of Immigration Judge ("IJ") William F. Jankun, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Choephel,* No. A98 277 491 (B.I.A. July 26, 2006), *aff'g* No. A98 277 491 (Immig. Ct. N.Y. City Apr. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). Assuming that Choephel testified credibly about the mistreatment he experienced in Tibet and India, we find

that the agency reasonably denied his applications for asylum and withholding of removal because substantial evidence supports the IJ's findings that Choephel had firmly resettled in India, and that he could safely relocate to another part of India to avoid harassment by Gorkha separatists.

**Firm Resettlement**

■ An alien "shall not" be eligible for asylum if he "was firmly resettled in another country prior to arriving in the United States." 8 U.S.C. § 1158(b)(2)(A)(vi). We look to the "totality of the circumstances" in deciding whether an alien was firmly resettled. *Sall v. Gonzales*, 437 F.3d 229, 233 (2d Cir.2006). Here, the IJ explained in detail several factors which reasonably led him to find that Choephel had firmly resettled in India. *Cf. Dhoumo v. BIA*, 416 F.3d 172, 175–76 (2d Cir.2005). First, the IJ noted that Choephel "resided in India for 32 years," and that he had "married a Tibetan who was born in India and also had three children born in India." We agree that these factors indicate that Choephel's stay in India was not simply a necessary consequence of his flight from persecution, that he stayed there longer than was necessary to arrange onward travel, and that he established significant ties to India. See 8 C.F.R. § 1208.15(a).

The IJ also reasonably found that the Indian government had not "substantially [and] consciously restricted" Choephel's residence, where he testified that he: (1) was issued an Indian identification document which was valid until 2012 and allowed him to travel abroad; (2) was able to travel throughout India without any difficulty; (3) worked in India as a part-time vendor; and (4) had a house, even if it was burned down by separatists. Factors such as these indicate that Choephel was successfully resettled in India, and provide substantial evidence to support the IJ's findings.

**Internal Relocation**

■ With regard to Choephel's claim that he suffered persecution in India, we agree with the IJ's finding that he could avoid mistreatment by relocating within that country. An IJ "shall deny" an asylum application if the applicant "could avoid future persecution by relocating to another part of the applicant's country ... and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1)(i)(B). Choephel failed to establish that the national Indian government, as opposed to Gorkha separatists living primarily in the Darjeeling region, had targeted him for persecution. *See* 8 C.F.R. § 1208.13(b)(1)(ii), (b)(3)(ii). And when Choephel was asked why he had never relocated from Darjeeling to another part of India, he replied that: "I lived there and I adjust to their weather [which] is cool and cold and other parts of India it's hot, the weather is heat." We agree that this explanation does not adequately explain why Choephel did not attempt to relocate to a safer part of India.

■ Finally, we note that Choephel does not adequately challenge the agency's denial of his application for CAT relief. Accordingly, we deem this claim waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Accordingly, Choephel's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).